# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE

## WILLIAM GORDON BALL v. MARJORIE HAPPY HAYES BALL

### Appeal from the Chancery Court for Knox County
### No. 188521-3      Michael W. Moyers, Chancellor

---

### No. E2016-00326-COA-R3-CV-FILED-NOVEMBER 15, 2016

---

This is an appeal from a "Final Hearing Order" in a divorce action. That order, however, did not resolve the issue of whether the husband had improperly deducted amounts he expended for moving services and rental of a storage building from his *pendente lite* alimony obligation due to the wife. Because the order appealed does not resolve all claims presented in the proceedings below, we dismiss this appeal for lack of subject matter jurisdiction.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

THOMAS R. FRIERSON, II, J., delivered the opinion of the Court, in which D. MICHAEL SWINEY, C.J., and RICHARD H. DINKINS, J., joined.

Thomas C. Jessee, Johnson City, Tennessee, for the appellant, William Gordon Ball.

John P. Konvalinka, Chattanooga, Tennessee, for the appellee, Marjorie Happy Hayes Ball.

### MEMORANDUM OPINION[1]

---

[1]Rule 10 of the Rules of the Court of Appeals provides as follows:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

The plaintiff/appellant, William Gordon Ball, has filed an appeal from the trial court's "Final Hearing Order" regarding the divorce proceedings between Mr. Ball and the defendant/appellee, Marjorie Happy Hayes Ball. In that order, however, the trial court stated as follows regarding Mr. Ball's claim that he was entitled to deduct expenses related to moving and to the rental of a storage unit from the *pendente lite* alimony awarded to Ms. Ball:

> The Court awarded monthly transitional alimony payments beginning May 1, 2015 and ending in August 2015 totaling $27,200. [Mr. Ball] paid $16,800 into the registry of the Court and that sum has been released to [Ms. Ball]. Another $1,600 was paid directly to [Ms. Ball] by [Mr. Ball]. Therefore, a total of $18,400 was paid to [Ms. Ball], leaving a balance of $8,800 to be paid to [Ms. Ball] in addition to the transitional alimony referenced in paragraph 6 above. <u>The Court awaits a joint submission by the parties relative to deductions claimed by [Mr. Ball] and/or any credits due.</u>

(Emphasis added.)

In her initial brief on appeal, Ms. Ball presented an issue regarding whether the trial court erred by crediting Mr. Ball's payment of moving and storage fees toward his temporary alimony obligation. Ms. Ball asserted that the trial court "erred by not ruling on the appropriateness of this action." In his reply brief, Mr. Ball stated as follows with regard to Ms. Ball's contention:

> For certain, this issue is simply not ripe at this time, as the final hearing order required the parties to make a [] "joint submission" concerning the issue and nothing in the record to suggest the parties ever made such a submission.
>
> While Wife argues that the Chancellor "erred by not ruling," the fact is, she never afforded the Chancery Court a meaningful opportunity to even make such [a] ruling, acknowledging that "[t]he record is incomplete as to this issue." Simply put, remand is not necessary, as Wife need only work with Husband's counsel to resolve the matter or submit an appropriate motion to the Chancery Court for decision. Accordingly, it appears that, until such time as this Court has sufficient information in the record to make a decision or the Chancery Court has ruled on the issue, the issue presented is not ripe for adjudication by this Court.

(Internal citations omitted.) In the sur-reply brief filed by Ms. Ball, she posits that this Court should remand this issue to the trial court for resolution before it can be considered on appeal.

The parties have conceded that the trial court never made a ruling on the issue of whether Mr. Ball could deduct expenses from his temporary alimony obligation and, if so, in what amount. Therefore, this issue remained unadjudicated at the time the Final Hearing Order was entered. Furthermore, the trial court did not certify the Final Hearing Order at issue here as a final judgment pursuant to Tennessee Rule of Civil Procedure 54.02.[2]

We therefore determine that the Final Hearing Order of January 22, 2016, is not a final order. An order that does not adjudicate all the claims between all the parties is "subject to revision at any time before entry of a final judgment" and is not appealable as of right. *See* Tenn. R. App. P. 3(a). *See also In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) ("A final judgment is one that resolves all the issues in the case, 'leaving nothing else for the trial court to do.'") (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)).

Inasmuch as this appeal was taken from an order that was not final, this Court lacks subject matter jurisdiction. *See Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990) ("Unless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only."). Accordingly, we must dismiss this appeal.

The appeal of this matter is dismissed without prejudice to the filing of a new appeal once a final judgment has been entered. This case is remanded to the trial court for further

---

[2] Tennessee Rule of Civil Procedure 54.02 provides:

> When more than one claim for relief is present in an action, whether as a claim, counterclaim, cross-claim, or third party claim, or when multiple parties are involved, the Court, whether at law or in equity, may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of the judgment adjudicating all the claims and the rights and liabilities of all the parties.

proceedings consistent with this opinion. Costs on appeal are taxed to the appellant, William Gordon Ball.

_____
THOMAS R. FRIERSON, II, JUDGE